UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SAM DOROSAN                                                        CIVIL ACTION

VERSUS                                                           18-181-SDD-RLB

OFFICER JOHNATHAN STEWART;
OFFICER YUSEF HAMADEH; and
OFFICER DUSTIN JOHNSON

## RULING

This matter is before the Court on the *Motion to Dismiss Under Rule 12(b)(6)*[1] by Defendant Officer Dustin Johnson ("Officer Johnson"). Defendant Officers Yusef Hamadeh ("Officer Hamadeh") and Johnathan Stewart ("Officer Stewart") have filed a *Motion for Judgment on the Pleadings*.[2] Plaintiff Sam Dorosan[3] ("Plaintiff") has filed an *Opposition*[4] to these motions to which Defendants filed a *Reply*.[5] For the following reasons, the Court finds that the Defendants' motion to dismiss and motion for judgment on the pleadings should be GRANTED.

I.     FACTUAL BACKGROUND

Plaintiff alleges that, on April 9, 2017, Plaintiff was a patron at the Corner Store on Highland Road and W. Johnson Street in Baton Rouge, Louisiana, when Officer Stewart approached him in a marked police car and, for allegedly no reason, ordered Plaintiff to

---

[1] Rec. Doc. 26.
[2] *Id.*
[3] The Court notes that Plaintiff signed and printed his name on the *Motion to Proceed in Forma Pauperis* as "Sam Dorosan" (Rec Doc. 2, p. 2). Attached to that motion is an Inmate Account Detail Report which spells Plaintiff's name as "Sam Dorasan" (Rec. Doc. 2, p. 3). In a third variation, Plaintiff's name is spelled "Sam Dorosan" throughout his *Complaint.*
[4] Rec. Doc. 27.
[5] Rec. Doc. 28-1.
57098

place his hands on the car.[6] Officer Stewart allegedly told Plaintiff to not do anything "stupid," and called Officer Johnson "to aid him in performing the Terry Pat."[7] Upon Officer Johnson's arrival, Plaintiff alleges that "a struggle ensued."[8] Plaintiff further alleges that Officer Johnson used a taser on him while Officer Stewart kicked, kneed, and punched him.[9] Plaintiff claims that the officers turned him on his chest as Officers Stewart and Hamadeh repeatedly punched him in his head and back trying, to get him to "spit something up," as Officer Johnson held Plaintiff's legs.[10] According to Plaintiff, the Defendant Officers took him to the ground, and Officer Stewart "repeatedly kicked Sam Dorosan in his head, placed his knee over his head and neck, and punched him in his chest while [Officer Johnson] tased Sam Dorosan."[11] The Defendant Officers allegedly observed Plaintiff "put something in his mouth," and ordered him to "spit it out."[12] The chronology of Plaintiff's allegations is unclear, but Plaintiff concludes by alleging Officer Hamadeh "arrived on the scene,"[13] and repeats his allegation that he punched and tased Plaintiff while Officer Johnson held Plaintiffs legs.[14]

Based on the foregoing, Plaintiff brings several claims against the Defendant officers pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights secured by the Fourth Amendment to the United States Constitution "to be free from false arrest."[15]

---

[6] Rec. Doc. 1, ¶8
[7] Rec. Doc. 1, ¶9.
[8] *Id.*
[9] *Id.* at ¶10.
[10] *Id.*
[11] *Id.* at ¶11.
[12] *Id.* at ¶¶12-13.
[13] In Paragraph 10 of the *Complaint*, Plaintiff alleged that "OFFICER H. YSEFF [sic] repeatedly punched SAM DOROSON in his head and back attempting to make him 'spit something up.'" Later, in Paragraph 14 of the *Complaint*, Plaintiff alleges that "OFFICER YUSEF HAMADEH arrived on the scene ...".
[14] Rec Doc. 1, ¶14.
[15] *Id.* at ¶22.
57098

Plaintiff also brings Section 1983 claims for excessive force, false imprisonment, and failure to intervene.[16] Additionally, Plaintiff asserts a claim for the alleged retaliation for the exercise of his First Amendment rights, as well as several state law claims.[17]

## II. APPLICABLE LAW

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[18] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[19] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[20] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[21] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[22] However,

---

[16] Rec. Doc. 1, ¶¶27-29.
[17] Id. at ¶¶26, 33-39.
[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[19] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

"[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[24] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[25] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[26] On a Motion to Dismiss, the inquiry is whether the allegations in the Complaint plausibly state a claim for relief.

### B. Motion for Judgment on the Pleadings

According to Rule 12(c) of the Federal Rules of Civil Procedure: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."[27] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[28]

## III. ANALYSIS

### A. Individual Capacity Claims against the Arresting Officers

As a preliminary matter, on a motion to dismiss, "a district court generally must limit itself to the contents of the pleadings, including attachments thereto."[29] District courts

---

[23] *Twombly*, 550 U.S. at 570.
[24] *Iqbal*, 556 U.S. at 678.
[25] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[26] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[27] Fed. R. Civ. P. 12(c).
[28] *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).
[29] *Brand Coupon Network, LLC v. Catalina Marketing Group*, 748 F.3d 631, 635 (5th Cir. 2014) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000) (internal quotations omitted)).
57098

"may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[30] Here, Plaintiff attached photographic exhibits and an affidavit to Plaintiff's *Opposition*, but these documents were not referred to in Plaintiff's *Complaint,* and the Court declines to consider them for purposes of this motion.

Plaintiff asserts the following claims against the Defendant Officers ostensibly in their individual capacities:[31] Excessive force, false arrest/imprisonment, First Amendment retaliation, bystander liability/failure to intervene, as well as state law negligence. The Court will address Plaintiff's claims in turn.

1. <u>Excessive Force</u>

"To prevail on an excessive-force claim, [a plaintiff] must show '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'"[32]

Excessive force claims are necessarily fact intensive and "whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'"[33] Facts to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by fight."[34] Additionally, "the

---

[30] *Id.* (citing *Collins*, 224 F.3d 496, 498).
[31] Defendants move to dismiss official capacity claims against the Defendant Officers, however, Plaintiff's *Complaint* does not state that the officers are being sued in their official capacity, nor does Plaintiff address official capacity in *Opposition* to this motion. Accordingly, the Court considers only individual capacity claims.
[32] *Darden v. City of Fort Worth, Texas,* 880 F.3d 722, 728-29 (5th Cir. 2018) (quoting *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016)).
[33] *Deville v. Mercantel*, 567 F.3d 156, 167 (5th Cir. 2009).
[34] *Id.*

57098

extent of the injury required to demonstrate that the force used was excessive depends on the context in which the injury occurs.'"[35]

Here, however, Plaintiff has failed to plead facts which give any context or detail the circumstances of the incident. Plaintiff alleges that Officer Stewart pulled up and, "for no reason," ordered Plaintiff to put his hands on the car.[36] Next, Plaintiff alleges that Officer Stewart called Officer Johnson "to aid him in performing the Terry Pat. Upon [Officer Johnson's] arrival, a struggle ensued."[37] The "struggle" is when the alleged excessive force took place, yet Plaintiff does not allege any facts concerning how the struggle precipitated or what led to the "Terry Pat."

Additionally, Defendants have asserted the defense of qualified immunity. When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'"[38] The plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[39]

In *Jackson v. City of Beaumont Police Dept.*, the plaintiff asserted a Section 1983 claim for excessive force against the arresting officers.[40] The plaintiff merely alleged that he was assaulted by the officers "without justification" and in "bad faith."[41] The court found

---

[35] *Goffney v. Sauceda*, 340 F. App'x 181, 184 (5th Cir. 2009) (per curiam) (unpublished) (*citing Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)).
[36] Rec. Doc. 1, ¶8.
[37] *Id*. at ¶9.
[38] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).
[39] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (*en banc*).
[40] 958 F.2d 620, 621 (5th Cir. 1992).
[41] *Id*.
57098

these allegations did not overcome the defense of qualified immunity because the plaintiff "does not plead any facts regarding his own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest and the other alleged actions by the officers."[42]

Similarly, in *Hughey v. Tippah County, Miss.*, the plaintiff "merely allege[d] that he was 'beaten' by [the officer] for unknown reasons, and that he suffered certain injuries as a result."[43] The court noted that the "pleadings [were] completely devoid of any facts regarding his conduct leading up to the alleged beating and arrest. Hughey further fail[ed] to identify the circumstances prompting officers being called to the scene."[44] Because of those deficiencies, the court found that the plaintiff had failed to plead facts to overcome the qualified immunity defense.

Like *Jackson* and *Hughey*, Plaintiff herein merely alleges that officers were doing a *Terry* pat-down when "a struggle ensued." Plaintiff has similarly failed to plead facts regarding the circumstances or his own conduct leading up to the incident. At this stage in the proceedings, Plaintiff has failed to overcome the Defendants' asserted defense of qualified immunity. However, when greater detail is required to address the defense of qualified immunity, the Court may require that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. Here, Plaintiff has not had an opportunity to amend his *Complaint* and "leave

---

[42] *Id.*
[43] 2018 WL 3232795, at *2 (N.D. Miss. 2018).
[44] *Id.*

57098

to amend shall be freely given when justice so requires."[45] The Court will allow Plaintiff 21 days to file an amended complaint and a Rule 7(a) response tailored to the defense of qualified immunity.

### 2. False Arrest and False Imprisonment

To prevail on a false arrest claim, a plaintiff must show that the officer did not have probable cause to arrest [him].[46] "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[47] "This is necessarily a 'fact specific … inquiry,' and the Court has cautioned that it requires an inquiry into the specific situation confronting the public officials."[48] As with the excessive force claim, however, without factual allegations regarding the circumstances leading up to Plaintiff's arrest, it is impossible for the Court to conclude that the officers lacked probable cause to arrest Plaintiff. Plaintiff supports this claim by copy-and-pasting the applicable legal standard then concluding, without argument or application, that "the Complaint meets the pleading requirements to state a claim for false arrest/false imprisonment."[49]

In *Torns v. City of Jackson*, the Fifth Circuit affirmed the district court's dismissal of a false arrest claim for failure to state a claim when the complaint provided little context

---

[45] Fed. R. Civ. P. 15(a).
[46] *Evans v. City of Meridian Mississippi*, 630 Fed. App'x 312, 315 (5th Cir. 2015).
[47] *Piazza v. Mayne*, 217 F.3d 239, 245–46 (5th Cir.2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)).
[48] *Torns v. City of Jackson*, 622 Fed.Appx. 414, 417 (5th Cir. 2015) (quoting *Melear v. Spears*, 862 F.2d 1177, 1184 (5th Cir.1989)).
[49] Rec. Doc. 27, p. 5.
57098

to the arrest.⁵⁰ There, the court reiterated that false arrest claims "require[] an inquiry in to the specific situation confronting the public officials."⁵¹ The court affirmed dismissal of the false arrest claim because "[t]he complaint says little about the context or scope of the interactions between the [plaintiff] and the officers. To defeat a qualified immunity claim, the plaintiffs must specifically plead facts that show that the officers lacked probable cause to detain them, and, without more, we cannot conclude that their complaint crosses that bar."⁵²

Like *Torns*, Plaintiff herein merely alleges that that officers were doing a *Terry* pat-down when "a struggle ensued."⁵³ Plaintiff's *Complaint* does not allege what led to the "Terry Pat," and provides very little facts or details about the context or circumstances surrounding the alleged incident. There are no facts alleged from which the Court can determine that the officers lacked probable cause. As with the excessive force claim however, Plaintiff will be given 21 days leave to amend his complaint and file a Rule 7(a) response to each Defendant Officers' assertion of the qualified immunity defense to the false arrest claims.

    3. <u>First Amendment Retaliation</u>

To state a First Amendment retaliation claim, Plaintiff must sufficiently allege that "(1) [he] [was] engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were

---

⁵⁰ *Torns v. City of Jackson*, 622 Fed.Appx. 414, 417 (5th Cir. 2015).
⁵¹ *Id.* citing *Anderson v. Creighton*, 483 U.S. 635, 640–41, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).
⁵² *Id.*
⁵³ Rec. Doc. 1, ¶9.
57098

substantially motivated against the plaintiff's exercise of constitutionally protected conduct."[54]

Here, Plaintiff alleges that:

> The words used by SAM DOROSON to try and stop the beating were not fighting words nor was there disorderly conduct. SAM DOROSON was engaged in constitutionally protected activity and the Defendants' actions caused SAM DOROSON to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity and the Defendants' adverse actions were substantially motivated against SAM DOROSON's protected speech.[55]

Apart from being a conclusory recitation of the elements, Plaintiff's claim appears to be based on unspecified words that were presumably said during the alleged use of excessive force and arrest. Plaintiff has failed to elucidate any facts about the nature and substance of the alleged speech or how the "defendant's adverse actions were substantially motivated against [Plaintiff's] exercise of constitutionally protected conduct," nor could he, considering the alleged speech was used to "try and stop the beating." Plaintiff fails to plead factual allegations to support a finding that the officers' actions were motivated by any speech.

Additionally, Plaintiff argues in his *Opposition*, for the first time, that Plaintiff "was properly exercising his First Amendment Right to gather," and he summarily concludes that "he was retaliated against for exercising that right and he suffered serious injuries."[56] Plaintiff fails to allege any facts regarding this claim, and these conclusory allegations also do not state a plausible claim for relief. There are no facts alleged to infer a First

---

[54] *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).
[55] Rec. Doc. 1, ¶26.
[56] Rec. Doc. 27, p. 4.
57098

Amendment protected "gathering." Accordingly, the First Amendment retaliation claims against the Defendant Officers are dismissed. As with the previous claims, this claim is dismissed without prejudice with the right to file an amended complaint to plead a plausible claim for relief.

4. Bystander Liability

To state a claim for bystander liability or failure to intervene, the plaintiff must allege that the "(1) the bystanding officer knew that a fellow officer was violating an individual's constitutional rights, (2) had a reasonable opportunity to prevent violation, and (3) chose not to act."[57]

In this case, Plaintiff argues that:

> OFFICER JONATHAN STEWART; OFFICER YUSEF HAMADEH and OFFICER DUSTIN JOHNSON each had duty to protect SAM DOROSON from use of excessive force by an officer and none intervened and each breached their duty under law to protect with deliberate indifference to SAM DOROSON'S 4th Amendment rights.[58]

In support of dismissal, Defendants contend that "it has not been alleged that any officer had an affirmative duty to intervene or prevent another officer from executing Plaintiff's arrest given that, Plaintiff himself concedes that a struggle ensued as he failed to comply with law enforcement orders."[59] Instead of addressing Defendants' arguments, Plaintiff merely copy-and-pastes, without citation, the bystander liability standard articulated by the Fifth Circuit in *Whitley v. Hannah*.[60] Plaintiff fails to present argument or application to the facts alleged.

---

[57] *Khansari v. City of Houston*, 14 F.Supp.3d 842, 853 (5th Cir. 2014) (quoting *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)).
[58] Rec. Doc. 1, ¶29.
[59] Rec. Doc. 28-1, p. 5.
[60] 726 F.3d 631, 646-47 (5th Cir. 2013).
57098

Nevertheless, Plaintiff has failed to allege any element of a bystander liability claim. Plaintiff's conclusory allegations fail to plausibly state a claim and are merely a barebone recitation of the elements without any factual analysis or factual enhancement whatsoever. Accordingly, Plaintiff's bystander liability claim is dismissed without prejudice with the right to file amended complaint filed within 21 days and a Rule 7(a) response to the Defendant Officers' asserted defense of qualified immunity.

5. <u>Malicious Prosecution</u>

It is unclear from Plaintiff's *Complaint* if he is asserting a claim for malicious prosecution. Plaintiff does not state that malicious prosecution is a claim under the "Cause of Action" section but addresses a federal malicious prosecution claim in his *Opposition*. Plaintiff randomly, and utterly without context, alleges in his *Complaint* that "[t]he drug tests for synthetic marijuana were negative."[61] There are no allegations that Plaintiff possessed synthetic marijuana, was under the influence of synthetic marijuana, or any facts regarding how synthetic marijuana fits in to the facts alleged whatsoever. Next, Plaintiff states with equal obfuscation that "[p]hotographs were taken of Sam Dorosan."[62] Again, Plaintiff fails to state why the photographs were taken, why the photographs were relevant, who took the photographs, or any facts regarding any photograph other than that one was taken. "Thus," continues Plaintiff, "a prosecution in State Court was initiated against [Plaintiff]" for possession of marijuana, resisting an officer by force or violence and for obstruction of justice."[63] According to Plaintiff, "[the] charge was false …" and there "was no probable cause to arrest [Plaintiff], charge him or jail him."[64] Plaintiff alleges that the charges for "possession

---

[61] Rec. Doc. 1, ¶17.
[62] *Id.* at ¶18.
[63] *Id.* at ¶19.
[64] *Id.* at ¶20.
57098

of marijuana, resisting an officer force or violence [sic] and obstruction of justice were dismissed …."[65] Then, in his *Opposition,* Plaintiff again borrows word-for-word language, without citation, outlining the malicious prosecution standard and states that this malicious prosecution "was accompanied by the violation of the 4th and 1st Amendment rights."[66] Defendants contend that this claim should be dismissed because Plaintiff has failed to plead facts establishing an essential element, malice.

The Fifth Circuit "has held that the federal Constitution does not include a 'freestanding' right to be free from malicious prosecution."[67] However, courts have recognized that "a plaintiff may state an actionable claim under the Fourth Amendment arising out of a pretrial detention resulting from initiation of a prosecution without probable cause."[68] "Such a claim, then relies on a finding that Defendants lacked probable cause for [Plainitff's] arrest."[69] Because the Court has already determined that Plaintiff has failed to allege plausible facts that the Defendant Officers, beyond a sheer possibility, lacked probable cause, this claim must fail. Accordingly, Plaintiff's claim for malicious prosecution under § 1983 is dismissed without prejudice, and he will be granted leave to amend his *Complaint* to state a claim upon which relief can be granted.[70]

6. <u>State law Negligence and False Imprisonment</u>

To the extent that Plaintiff has brought state law claims for negligence, excessive use of force, and false imprisonment, these claims also fail. At the outset, Plaintiff only

---

[65] *Id.*
[66] Rec. Doc. 27, p.6.
[67] *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) (citing *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003)).
[68] *Seals v. McBee*, 2019 WL 2451630 at *5 (E.D. La. June 12, 2019) (quoting *Watkins v. Eschete*, No. 14-265, 2015 WL 222348, at *9 (E.D. La. Jan. 13, 2015)).
[69] *Id.*
[70] *See* Fed. R. Civ. P. 15(a) (the Court should freely grant leave to amend when justice so requires).
57098

addresses the state law negligence claim in his *Opposition,* and therefore, any other state law claims are deemed abandoned and dismissed with prejudice.[71]

Plaintiff alleges, "in the alternative," that the Defendant Officers are liable under theories of negligence under Louisiana law.[72] Defendants contend that Plaintiff has again failed to plausibly plead a claim and that they are immune from suit pursuant to Louisiana Revised Statute § 9:2798.1.

"The Louisiana Supreme Court has adopted a "duty-risk" analysis for assigning tort liability under a negligence theory."[73] This theory requires a plaintiff to establish that (1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached.[74]

Here, Plaintiff alleges that "Defendants had a duty to conform their conduct to a standard of professionalism and to refrain from attacking bystanders …."[75] It is unclear to the Court why the Defendant Officers owed a duty to Plaintiff to refrain from attacking

---

[71] *See U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375 at *7 (S.D. Miss. Mar. 30, 2013)("The Relators did not adequately brief their opposition to the Defendant's Motion to Dismiss Count Three on state law claims of fraud, suppression, and deceit. As such, they have abandoned Count Three. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (concluding that plaintiff's failure to defend her "retaliatory abandonment" claim in response to the defendant's motion to dismiss constituted abandonment of the claim); *Dean v. One Life Am., Inc.*, No. 4:11–CV–203–CWR–LRA, 2013 WL 870352, at *2 (S.D. Miss. Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim); *Alexander v. Brookhaven Sch. Dist.*, No. 3:07–CV–640–DPJ–JCS, 2009 WL 224902, at *4 (S.D. Miss. Jan. 28, 2009) (stating that the plaintiff "appears to have abandoned [her Equal Pay Act] claim having not defended it" in her response to the defendant's motion to dismiss), aff'd, 428 F. App'x 303 (5th Cir. 2011)).
[72] Rec. Doc. 1, ¶¶33-36.
[73] *Doe v. McKesson*, 935 F.3d 253, 260-61 (5th Cir. 2019).
[74] *Id.*
[75] *Id.* at ¶34.
57098

"bystanders," because, as previously mentioned, there are virtually no facts or details regarding the circumstances leading up to or surrounding the "struggle."

In his *Opposition*, Plaintiff appears to abandon the duty described in the *Complaint* and instead argues that "[p]olice officers have a duty to enforce the laws, prevent and detect crime and maintain peace and order in the community."[76] Again, without more facts, the Court cannot conclude that this duty was plausibly breached. Plaintiff argues that the "Defendants knew or should have known that an individual subject to an illegal arrest has a right to resist and that an injury could result."[77] This statement appears to suggest that Plaintiff did, in fact, resist the officers during the arrest and conflicts with statements made defending his excessive force claim. These conflicting statements suggest to the Court that the facts contained in the *Complaint* are incomplete. Accordingly, Plaintiff's state law claim for negligence is dismissed without prejudice for failure to state a claim upon which relief can be granted. However, because the Plaintiff has not had a meaningful opportunity to amend his *Complaint*,[78] the Court will allow him 21 days to amend his *Complaint* to cure the deficiencies for the state law negligence claim.

---

[76] Rec. Doc. 27, p. 8.
[77] *Id.* at 9.
[78] Rec. Doc. 1.
57098

### C. Leave to Amend

Several times above, the Court noted that it will allow Plaintiff to amend for certain claims within twenty-one days. That is because the Federal Rules of Civil Procedure provide that "leave to amend shall be freely given when justice so requires."[79] Moreover, "courts should ordinarily grant a plaintiff **at least one** opportunity to amend before dismissing a complaint with prejudice for failure to state a claim."[80]

As to the claims that were dismissed without prejudice as set forth above, Plaintiff shall have twenty-one (21) days from the date of this *Ruling* to amend his *Complaint* to cure the deficiencies set forth herein as to any claim that were dismissed without prejudice. Plaintiff shall also have (21) days from the date of this *Ruling* to file a Rule 7(a) response to all Defendants' assertions of the qualified immunity defense. Plaintiff's failure to amend his *Complaint* and/or file a Rule 7(a) response within the given deadline will convert all dismissals herein to "with prejudice."

## IV. CONCLUSION

For the reasons set forth above, Defendant Dustin Johnson's *Motion to Dismiss Under Rule 12(b)(6)*[81] is GRANTED. Plaintiff's claims against Defendant Johnson are hereby DISMISSED without prejudice and the Court will permit Plaintiff 21 days to file an amended complaint and Rule 7(a) response to the asserted defense of qualified immunity.

---

[79] Fed. R. Civ. P. 15(a)(2).
[80] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738 at *12 (E.D. La. Oct. 14, 2014)(citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000))(emphasis added).
[81] Rec. Doc. 26.
57098

Additionally, Defendant Officers Yusef Hamadeh and Johnathan Stewart's *Motion for Judgment on the Pleadings*[82] is hereby GRANTED and Plaintiff's claims filed against Defendant Officers Hamadeh and Stewart are hereby DISMISSED without prejudice pursuant to Rule 12(c) and the Court will permit Plaintiff 21 days to file an amended complaint and Rule 7(a) response to the asserted defense of qualified immunity.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>September 27, 2019</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[82] *Id.*

57098